IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Trenisha Shetah Brown,           )<br>                                  )<br>            Plaintiff,             )<br>                                  )<br>     vs.                          )<br>                                  )<br> Commissioner of Social Security  )<br> Administration,                  )<br>                                  )<br>            Defendant.            )<br>_____) | C/A No.: 1:14-3472-SVH<br><br><br><br>ORDER |

This matter is before the court on Plaintiff's motion for attorney's fees. [ECF No. 30]. The parties consented to the undersigned's disposition of this case [ECF No. 9], and on September 3, 2014, the matter was referred to the undersigned by order of the Honorable Joseph F. Anderson, Jr. [ECF No. 11]. On July 6, 2015, the court reversed the Commissioner's decision denying Plaintiff's claims for Disability Insurance Benefits and Supplemental Security Income and remanded the case to the Commissioner for further proceedings. [ECF No. 27]. Plaintiff then filed and documented a request totaling $4,500 for fees, costs, and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("the EAJA"). [ECF No. 30]. The Commissioner filed a response that reflected the parties' stipulation to the $4,500 attorney's fee. [ECF No. 31]. Accordingly, the court grants the motion and directs the Commissioner to pay Plaintiff $4,500. Such payment shall constitute a complete release from and bar to any and all further claims that Plaintiff may have under the EAJA to fees, costs, and expenses incurred in connection with disputing the Commissioner's decision. This award is without prejudice to the rights of

Plaintiff's counsel to seek attorney fees under section 206(b) of the Social Security Act, 42 U.S.C. § 406(b), subject to the offset provisions of the EAJA.

Under *Astrue v. Ratliff*, 130 S.Ct. 2521, 2528–29 (2010), EAJA fees awarded by this court belong to Plaintiff and are subject to offset under the Treasury Offset Program (31 U.S.C. § 3716(c)(3)(B) (2006)). Therefore, the court orders the EAJA fees to be made payable to Plaintiff and mailed to the business address of Plaintiff's counsel.[1]

IT IS SO ORDERED.

August 3, 2015                      Shiva V. Hodges
Columbia, South Carolina     United States Magistrate Judge

---

[1] Plaintiff's counsel may disburse these funds to satisfy valid liens or in accordance with a lawful assignment.